### LEE ROSS v. KANSAS CITY SOUTHERN RAILWAY COMPANY.

Decided February 20, 1904.

**1.—Limitations—Lex Loci—Personal Injury.**

Where a citizen of Louisiana brought suit in a Texas court against a railroad corporation chartered in Missouri and operating in Louisiana for personal injury occurring in Louisiana, whose statutes created the right to bring such suit and not only made the right unenforcible after a prescribed period, but totally extinguished and discharged it, the lex loci would govern. Such suit could not be maintained here where it was brought after the time prescribed by the Louisiana statute.

**2.—Same.**

The fact that the defendant corporation was not domiciled in Louisiana did not alter the case.

Appeal from the District Court of Bowie. Tried below before Hon. J. M. Talbot.

*F. M. Ball* and *Thigpen & Foster,* for appellant.

*Glass, Estes & King,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This action was instituted by appellant, the plaintiff below, in the District Court of Bowie County, Texas, for recovery of $2000, actual damages, against appellee, Kansas City Southern Railroad Company, for permanent personal injuries resulting from the negligence and carelessness of appellee, its servants, agents and employes. After the evidence had been heard, the trial court peremptorily instructed the jury to return a verdict for the appellee, responsive to such portion of its answer which interposed the defense of a bar by one year's limitation and discharge under the statutes of the State of Louisiana, and judgment was accordingly entered that appellant take nothing; hence this appeal.

Appellant admits the existence of the following facts: That he is a resident of the State of Louisiana, where his injuries occurred while in the performance of his duties on the 20th day of May, 1901; that this suit was filed in the District Court of Bowie County, Texas, on the 14th day of June, 1902, more than a year but less than two years after the cause of action accrued.

It is conceded by the appellee that the evidence upon the merits of the case, independent of the question of prescription, and extinguishment of plaintiff's cause of action in Louisiana prior to the time of filing this suit, was sufficient to require the submission of the case to the jury on the issue as to whether plaintiff was injured as alleged in his petition, and whether such injuries were the result of negligence on the part of defendant. The trial court was of the opinion that the uncontroverted testimony showed that the plaintiff's cause of action was one created by statute, and the statutes creating the cause of action absolutely discharged and released the same by reason of plaintiff's failure to file

his suit within one year from the accrual of the cause of action. Appellant contends that the issue presented is that of limitation; and that defendant can not invoke the statute of limitation of Louisiana, which bars a cause of action for personal injuries in one year, in a cause pending in the courts of Texas, where the period of limitation to such cause of action is two years, thereby causing the lex loci to prevail instead of the lex fori.

The question arises (1) on the action of the court in overruling plaintiff's demurrer to defendant's answer in which it set up .that the cause of action for the recovery of such damages as appellant had sustained depended entirely on the statute law of the State of Louisiana, which statutes created the cause of action and prescribed the time within which same must be brought; that the prescription laws of said State had the effect to extinguish a cause of action as distinguished from making it unenforcible, and that the time within which this cause of action, by the laws of the State of Louisiana, had to be brought, was one year, and that a failure to bring such suit within said time would preclude a recovery; and (2) in instructing a verdict for defendant.

It is shown by the undisputed facts in this case: (1) The cause of action on which plaintiff sought a recovery was created by the statutes of the State of Louisiana; (2) the prescription laws of that State directly, referring to the right thus created, not only made the right unenforcible after the prescribed period, but totally extinguished and discharged it; (3) both parties resided in the State of Louisiana during the period of, prescription, and no suit was instituted there or elsewhere during that time on the claim. It was further shown that the common law does not and never did prevail in Louisiana.

It is a well settled rule that the remedies, as distinguished from the rights of the parties, are determined by the law of the forum, and that the statutes of limitations are a part of the remedy, and not of the law affecting the rights. Brunswick Terminal Co. v. National Bank, 99 Fed. Rep., 636, and authorities there cited; Gautier v. Franklin, 1 Texas, 731; De Cordova v. Galveston, 4 Texas, 470.

This rule, however, is not without its exceptions. An exception exists where a statutory liability is sought to be enforced and the statutes prescribe the time within which the suit must be brought and extinguish the cause of action, or right of recovery, after such time. Wood on Lim., sec. 9, p. 30; Fennell v. Railway Co., 33 Fed. Rep., 427; Brunswick Terminal Co. v. National Bank, 99 Fed. Rep., 635; Flash v. Conn, 109 U. S., 371; The Harrisburg, 119 U. S., 199; Bank v. Francklin, 128 U. S., 756; O'Chields v. Georgia Pac. Ry. Co., 83 Ga., 621, 10 S. E. Rep., 268; Ware v. Curry, 67 Ala., 274; Perkins v. Guy, 55 Miss., 153, 30 Am. Rep., 510; Scharff v. Liso, 63 Miss., 213; Gann v. Frank, 36 Barb., 320.

This exception was first pointed out by Judge Story in section 582 of his Conflict of Laws. The Supreme Court of this State recognizes,

the principle and cites with approval this section of Story on Conflict of Laws in the early case of Hays v. Cage, 2 Texas, 506, top of page. The principle also seems to be recognized in the case of Goldfrank v. Young, 64 Texas, 435, 436.

Appellant insists that this case does not fall within the exception stated, for it is shown that the appellee was incorporated under the laws of Missouri, and is a citizen of that State; and that the exception only applies where both parties reside in the State where the injury was inflicted. This contention is not sound. The fact that the appellee was incorporated by the laws of Missouri could not, under the facts, affect the question. It had constructed its railroad in Louisiana at the time appellant was injured, and was operating the same in that State. Its railroad remains, as it was at the time of the injury, within the jurisdiction of Louisiana, and is liable to suit there according to the laws of that State. Appellant was at the time he was injured, and still is, a citizen and resident of that State. Railway Co. v. Jackson, 89 Texas, 116.

It is clear that by the statutes of Louisiana in existence at the time the cause of action was created the same was extinguished at the end of one year from the time the cause of action arose, in the absence of suit thereon. Such being the effect of the statutes of Louisiana, suit could not be maintained in this State after one year from the time of the accrual of the right of action.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*