ROGERS, Justice.
 

 The plaintiff, George De Bouchel, filed suit to recover $50,000 damages from the Koss Construction Company, Inc., and nine other persons as joint tort-feasors. The suit was
 
 *618
 
 brought in the city of New Orleans, where the Koss Construction Company, an Iowa corporation maintains its principal office and an agent for the service of process. One of the other defendants lives in the parish of Jefferson and the rest of the defendants live in the parish of St. Bernard.
 

 Plaintiff’s demand is founded on two causes of action; namely, one for false imprisonment and the other for malicious prosecution. The Koss Construction Company, Inc., which in the original petition was connected only with the alleged false imprisonment and not with the alleged malicious prosecution, filed a plea of prescription of one year against the former demand and an exception of no cause or right of action against the latter demand. Subsequently, plaintiff attempted to amend his petition so as to show a cause of action for malicious prosecution against the Koss Construction Company, Inc., but was unsuccessful in the attempt. The court below maintained the exceptions and dismissed the suit as against the exceptor. Plaintiff appealed, and, on the appeal, the Koss Construction Company, Inc., filed a plea of one-year prescription against the demand for damages for malicious prosecution. This court sustained both pleas of prescription, and affirmed the judgment as thus amended. See De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496.
 

 Subsequently, the pleas of prescription filed by the defendant who lives in the parish of Jefferson were maintained, and as to him plaintiff’s suit was dismissed. Apparently, no appeal has been taken from that judgment.
 

 An exception to the court’s jurisdiction ratione person® filed by the other defendants who reside in the parish of St. Bernard was then taken up and overruled, and the case is now before us on the exceptors’ application for writs of certiorari and prohibition.
 

 The question presented is exclusively one of law. It is whether a number of persons domiciled in one parish can be sued in another parish on the allegation they are joint tort-feasors of an alleged codefendant residing in the parish where the suit is brought, when the liability, if any ever existed, of the resident codefendant, is at an end?
 

 The general rule in civil matters is that a person must be sued at his own domicile. The rule, however, is subject to certain exceptions expressly provided by law. Code Prac. art. 162. One of these exceptions is that joint or solidary obligors may be sued at the domicile of any one of them. Code Prac. art. 165, par. 6.
 

 In King v. Burns International Detective Agency, 151 La. 211, 91 So. 681, it was held that the sixth paragraph of article 165 of the Code of Practice applied only to suits on conventional obligations. But that holding was reversed in Rathborne Lumber Co. v. Cooper, 164 La. 502, 114 So. 112, where it was held that the codal article applied to suits on obligations arising ex delicto as well as to suits on obligations arising ex contractu. The decision in the Rathborne Lumber Company’s Case was expressly approved in the case of Gardiner v. Erskine, 170 La. 212, 127 So. 604. So we may consider it to be the settled law of the state that a suit
 
 *620
 
 against joint tort-feasors may be brought at the domicile of any one of them.
 

 Rut one of several joint or solidary obligors cannot separately be sued at the domicile of a co-obligor. Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254. And two parties cannot be joined as defendants where only one or the other is liable, but not both. New Orleans Ins. Ass’n v. Harper, 32 La. Ann. 1165.
 

 Plaintiff’s petition, on its face, shows that his claim against the Koss Construction Company, Inc., was prescribed at the time he filed his suit. This court so held, and accordingly dismissed the suit against that particular defendant. See He Bouchel v. Koss Const. Co., supra.
 

 Prescription is one of the modes provided by law for the extinguishment of obligations or the discharge of debts. Civ, Code, arts. 2130, 3457, 3459, and 3528. Hence when plaintiff filed his suit jointly against the relators and the Koss Construction Company, Inc., at the domicile of the construction company, plaintiff knew, or he should have known, that his claim against the construction company, if any ever existed, was extinguished or discharged, and no judgment could be obtained against that particular party defendant.
 

 This case, therefore, presents a situation in which eight residents in the parish of St.' Bernard are sought to be subjected to the jurisdiction of the courts of the parish of Orleans in a suit brought jointly against them' and another defendant, domiciled in the latter parish, notwithstanding no liability whatever rests upon the defendant at whose domicile the suit was brought.
 

 We do not think the exception to the general rule that a person must be sued at his domicile contained in the sixth paragraph of article 165 of the Code of Practice that joint or solidary obligors may be sued at the domicile of any one of them, which, like all exceptions to general rules, must be strictly construed, can be successfully invoked in support of such an action. '
 

 It is true that prescription must be specially pleaded. Civ. Code, arts. 3463, 3464, 3465; Code Prac. art. 902. But prescription, which is a well-recognized legal plea, must be enforced whenever it is legally presented.
 

 We are aware of a few actions arising ex contractu in which defendants have waived their right to plead prescription, but we are not aware of any action arising ex delicto in which a defendant has refused to avail himself of the plea.
 

 As heretofore stated, plaintiff knew, or he should have known, when he sued the relators at the domicile of the Koss Construction Company, Inc., that his claim, if lie ever had any claim, against the construction company was prescribed, that the construction company would inevitably plead prescription as a defense to his suit, and that the defense would be sustained.
 

 At the time the suit was filed, plaintiff’s claim against the Koss Construction Company, Inc., had ceased to be a legal claim, and had become Jegally unenforceable. Hence there was no joint or solidary liability between the relators and their alleged codefendant, Koss Construction Company, Inc., which would alone justify a suit against relators at the domicile of, their alleged codefendant.
 

 
 *622
 
 When the plea of prescription filed by the Koss Construction Company, Inc., was sustained, that company entirely disappeared from the suit. Thereafter, there was no basis upon which to hold the relators to answer plaintiff’s demand within the jurisdiction of the construction company, which was no longer a defendant. There was no joint liability or community of interest in the subject-matter of plaintiff’s action between the relators and the construction company. No recovery could be had by plaintiff against the construction company, and that company was not concerned in the event of plaintiff’s suit against the relators.
 

 For the reasons assigned, the rule nisi herein is made absolute, and it is now ordered that the judgment of the district court herein under review be annulled, that relators’ plea to the court’s jurisdiction ratione person® be sustained, and that plaintiff’s suit against relators be dismissed at his costs.