

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-6363
Re: Authority of Comptroller
of Public Accounts to
issue warrants for a
claim of refund of Motor
Fuel Taxes which is based
on a specific appropria-
tion of the Legislature

In your letter of June 26, 1945, an opinion is re-
quested as to whether the Comptroller of Public Accounts is au-
thorized to issue a warrant to cover a claim which is based on
a specific appropriation of the Legislature. The paragraph of
your letter setting forth the particular fact situation is
quoted:

"In this particular case the claimant has
used the motor fuel within six months from the
date of delivery, but he has failed to file the
affidavit within the six months' period as re-
quired by the Motor Fuel Law. He has presented
the claim to the Comptroller for payment after
six months from the date of delivery, and the
Comptroller has refused to issue warrant in pay-
ment thereof for that particular reason. The
claimant then petitions the Legislature to appro-
priate money for the payment of his claim. The
Legislature makes the appropriation."

The Comptroller has authority to issue a warrant to
cover this claim providing the specific appropriation made by
the Legislature is valid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

The first consideration as to the validity of such
an appropriation is whether it was made to pay a claim pro-
vided for by or based upon a pre-existing law in accordance
with the provisions of Article 3, Section 44 of the Constitu-
tion of Texas which provides:

"The Legislature . . . . shall not grant . . .
by appropriation or otherwise any amount of money
out of the Treasury of the State to any individual
on a claim, real or pretended, when the same shall
not have been provided for by pre-existing law."

This provision of the Constitution has been inter-
preted to the effect that the "Legislature cannot appropriate
state money to any individual unless at the very time the
appropriation is made there is already in force some valid law
constituting the claim the appropriation is made to pay a
legal and valid obligation of the state." The legal obligation
here used is also defined by the court as "such an obligation
as would form the basis for a judgment against the state in a
court of competent jurisdiction in the event it should permit
itself to be sued." Fort Worth Cavalry Club v. Sheppard,
83 S. W. (2d) 660; Austin National Bank of Austin v. Sheppard,
71 S. W. (2d) 242; Corsicana Cotton Oil Mills v. Sheppard, 71
S. W. (2d) 246, 38 Tex. Jur. 848, 849.

The claim in the instant case was based on Section 13,
Article 7065(b), V. A. C. S., and it is therefore necessary to
determine whether this statute constitutes this claim a "legal
and valid obligation of the State" and whether the claim would
"form the basis for a judgment" in the event the State could be
sued. This turns on a construction of the statute. If the
provisions of the statute limiting the time in which refund of
motor fuel taxes may be made (subsection d) are of the essence
of the statute and therefore operate as a condition precedent
to the paying of a refund it would limit the right conferred by
the statute and it would follow that at the time this appropria-
tion was made there was no law constituting the claim the ap-
propriation was made to pay. 1 Tex. Jur. 633, 634, and cases
cited; 17 Ruling Case Law, 952, Sec. 318 and cases cited; The
Harrisburg, 119 U. S. 199; Davis v. Mills, 194 U. S. 451; 39 Tex.
Jur. 273, and cases cited; 79 S. W. 626. ("A statute of limitation
may bar an existing right as well as the remedy.") 194 U. S. 451.

Hon. Geo. H. Cheppard, page 3

If, however, the limitation of time for applying for refund is not of the essense of the statute but is directory and procedural only, the right to a refund granted by the statute is not conditioned and there might be found in the statute a law constituting the claim an obligation of the state which would "form the basis for a judgment" as above set forth. In other words, if the right is limited or there is a condition precedent there is no "basis for a judgment" unless compliance with the condition can be shown. (See Tex. Jur. and R. C. L., supra), but if the provisions as to time are directory there would be a "basis for a judgment" independently thereof as limitations as to time do not go to the merits of a cause and must be specifically plead. (R. S. 1925, Art. 5540).

This Section 13, Article 7065(b) is an integrated statute. The provisions as to time in subsection (d) as well as other conditions included are made essential to the right conferred by the statute through the language of subsection(a) which provides that "any person . . . . shall be refunded the amount of taxes so paid. . . in the manner and subject to the limitations and conditions herein described." That the lawmakers intended the provisions limiting the time in which claim could be made to operate as a condition precedent is further shown by the emphasis in subsection (d) which provides in the first paragraph that "a claimant . . . . shall within six(6) months from the date of delivery of motor fuel upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit . . . . etc.," and in the next paragraph further provides "No refund shall be made where motor fuel is used later than six (6) months from date of delivery or appropriation, and no refund shall ever be made where it appears . . . . that the sale or delivery was made more than six months prior to the date of filing for refund."

The statute is devoted mostly to procedures describing the conditions and limitations to which the right to a refund is subject. It provides for the licensing of "refund dealers" (Subsection b); for an invoice of exemption and states in detail what such invoice shall contain (subsection c); for the time in which claimant may apply for refund; for refund on fuel exported or lost by fire or accident, or sold to the United States Government (subsection d); for issuance of books of invoices of exemption to refund dealers (subsection e); and subsection (g) is significant to the instant case in that it provides for monies to be held in Highway Motor Fuel Tax Fund until the expiration of the six (6) months in which application for refund must be made and prohibits

Hon. Geo. H. Sheppard, page 4

distribution "until the expiration of the time in which a refund can be made out of said fund."

It is noteworthy that in subsection (d) of this statute it is provided that the Comptroller shall issue warrants to cover amounts due claimant and that none shall be paid unless presented within two years from close of fiscal year in which they are issued but claims for the payment of such warrants may be presented to the Legislature. The inclusion of this provision in the same subsection limiting the time in which application for refund can be made and the omission of any such provision for presentment of stale claims further supports a positive intent that the time limitations of the statute would be final.

This Section 13 operates as an exemption to Motor Fuel Taxes generally imposed. As such it should be strictly construed (Methodist Church v. City of San Antonio, 201 S. W. 669). Exemptions from taxation are never favored and in construing laws exempting any citizen or class of property, all doubts are resolved against the exemption. (Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926). It has been held that the burden is on one claiming exemptions from taxation to bring himself clearly within statute or constitution (Meth. Church v. City of San Antonio, supra) and certainly the claimant here, not having met the conditions imposed, was not clearly within this Section 13.

The proposition that time limitations in revenue laws are directory, as was held in Federal Crude Oil Co. vs. Yount-Lee Oil Co., 52 S. W. (2d) 61, has been considered and is deemed to have no bearing on the instant case because the claim here is based on an exemption from the revenue law and the holding in that case was related to the payment of, and not to exemption from, taxes. Nor is the question of voluntary or involuntary payment of taxes relevant as the cases treating with this question are concerned with illegal taxes, (Austin National Bank v. Sheppard and Corsicana Cotton Oil Mills v. Sheppard).

The foregoing considered, it is concluded that there is no pre-existing law constituting the claim in the instant case a

Hon. Geo. H. Sheppard, page 5

valid and legal obligation of the State and that the specific appropriation here made by the Legislature was not authorized.

Accordingly, you are advised that it is the opinion of this office that the Comptroller is not authorized to issue warrant in payment of the claim herein.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Jackson Littleton
Assistant

JL:rt

APPROVED JUL 9 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN