McCALEB, Justice.
 

 The Succession of Anthony J. Pizzillo was opened in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on the petition of appellant, Mrs. 'Ruby Ahrend Pizzillo, surviving spouse of decedent, who made application for letters of administration. In due course, her application was opposed by appellee, Mrs. Anna Belle Pizzillo Saizan, who alleging that she is the adopted daughter of the decedent, claimed the right of appointment as his sole beneficiary heir. Appellant, the widow by a second marriage, denied that appellee was legally adopted asserting that the act of adoption was void in that it did not conform to the adoption statute in force at the time of its execution.
 

 The contest thereafter proceeded to trial on this single issue, it being stipulated that, if the adoption is valid, appellee is the preferred applicant under Article 1121 of the LSA-Civil Code. After a hearing, the judge upheld the act of adoption. Wherefore this appeal.
 

 The facts are that appellee was born, out of wedlock, on April 16, 1928 to one Vira Clements at Kings Daughters Home in Natchez, Mississippi. Shortly after her birth, she was entrusted by the Home to the custody of decedent and his first wife, who were residents of East Baton Rouge Parish. On March 1, 1930, decedent and his first wife, whom.he later divorced, executed, in East Baton Rouge Parish, a notarial act of adoption of the child and, on March 7, 1930, Kings Daughters Home formally consented thereto. However, the act was not signed by either the natural father or mother. The natural father was unidentified but the mother resided in Natchez and was known to Kings Daughters Home.
 

 Appellant contends that the adoption is an absolute nullity because the act did not contain the written consent of the known natural parent or parents as required by Act 31 of 1872, as amended by Act 48 of 1924, the applicable law at the time it was confected. And it is further maintained that the consent given by Kings Daughters Home to the adoption of appellee was ineffectual for the reason that the provisions of
 
 *333
 
 Act 48 of 1924, vesting charitable institutions with such power, applied only in cases where the child was an abandoned child or a foundling and that appellee could not have been so classified within the meaning of the law.
 

 Contra, appellee asserts that the signature of her natural mother was unnecessary as she was either an abandoned child or a foundling and, accordingly, the consent of Kings Daughters Home to her adoption sufficed under Act 48 of 1924. Further, she proclaims that, even if there were irregularities or insufficiencies in the notarial act, they were cured by Section 13 of Act 46 of 1932 which confirmed, approved and validated all adoptions made under prior laws.
 

 Being of the opinion that the second contention of appellee is well founded, it would be inutile for us to decide whether the act of adoption was in strict conformance with the provisions of Act 31 of 1872, as amended by Act 48 of 1924, under which adoptions were effected solely by notarial act.
 

 By Act 46 of 1932, the procedure was changed, it being required that, in addition to the execution of a notarial act, approval of a court of competent jurisdiction, after proceedings therein, be obtained.
 
 [1]
 
 Section 13 of that statute declared:
 

 “That any and all adoptions heretofore made,
 
 be and they we hereby confirmedapproved and
 
 validated, and that any action to set aside or annul any act of adoption made prior to the passage of this act shall be prescribed
 
 after the lapse of six months from and after the promulgation of this act;
 
 but this prescriptive period shall apply solely to actions having the purpose of setting aside and annuling acts of adoption by reason of such adoption not having been effected by an authentic act, but by private act before witnesses and acknowledged,
 
 or that all necessary pwties did not sign the act of adoption
 
 (Italics ours.)
 

 These provisions are clear; they validate all adoptions made under statutes in force prior to 1932, although a period of six months is allowed for the filing of actions having for their purpose the annulment of acts of adoption for the specified causes mentioned in the section. Therefore, after six months had elapsed from the promulgation of Act 46 of 1932, the act of adoption' involved herein was immune to attack.
 

 Counsel for appellant contend that the above quoted section does not control this case. Initially, it is said that the provision is one of prescription and, since appellee did not file a plea of prescription until after the case had been submitted in this court, it cannot be considered.
 

 
 *335
 
 We disagree with counsel’s predicate that Section 13 of Act 46 of 1932 provides a period of prescription of six months for the filing of suits to set aside acts of adoption. While it is true that the Legislature, in providing the time within which suits may be brought, labelled the period as one of prescription, this was inaccurate for, actually, the time provided for the filing of suits was not a period of prescription but one of peremption. The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right. Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899; Brister v. WrayDickinson Co., 183 La. 562, 164 So. 415 and Collier v. Marks, 220 La. 521, 57 So.2d 43. Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists.
 

 Section 13 of Act 46 of 1932 makes manifest that a period of peremption of six months was intended and provided. The section primarily validates all prior acts of adoption but this conformation is not entire and complete in all instances as the section grants to suitors a right to assail, for specified reasons, all previous adoptions provided, however, that the action be brought within six months from and after the promulgation of the statute. Thus, notwithstanding the validation, a right of action of limited duration is created. The time allotted is integral to the right of action; it could not be suspended or interrupted for the various reasons applicable to periods of prescription. When six months had elapsed from and after its promulgation, the statute, which is one of repose, barred the suit.
 

 Since we regard the period provided as one of peremption, it was not necessary that appellee file a special plea as appellant has no right of action.
 

 Counsel for appellant further maintain that, if Section 13 of Act 46 of 1932 attempted to validate all prior adoptions even though the natural parents did not consent thereto, then the statute is unconstitutional. In support of this proposition, counsel rely on Green v. Paul, 212 La. 337, 31 So.2d 819, which cited with approval 2 C.J.S., Adoption of Children, § 5, p. 373, wherein it is stated that statutes which do not provide for the consent of the natural parents to the adoption are void as an unconstitutional deprivation of a right without due process qf law.
 

 There is no substance in the point and the authorities cited to sustain it are wholly inapplicable. Section 13 of Act 46 of 1932 does not authorize the adoption of children without the consent of the natural parents; it merely validates any prior acts in which consent had not been obtained in writing, provided the interested parties fail
 
 *337
 
 to file suit to set such acts aside within six months from the promulgation of the statute.
 

 Finally, counsel profess that Section 13 of Act 46 of 1932 is inapplicable here because the clause which affords a ground of attack, i. e., that “all necessary parties did not sign the act of adoption”, is vague and indefinite.
 

 The short answer to this proposition is that the clause is perfectly explicit. But were it otherwise, we fail to understand how counsel’s argument would help appellant as her right of attack' in this case is of necessity pitched on the clause which counsel assert is too vague for application.
 

 The judgment appealed from is affirmed.
 

 [1]
 

 . The provisions of Act 46 of 1932 respecting court proceedings were declared unconstitutional in Succession of Dyer, 184 La. 251, 166 So. 68. However, the other parts of the statute were upheld in all respects.