Frank H. PAGE, Plaintiff,

v.

CAMERON IRON WORKS, Inc., Defendant.

No. 10455.

United States District Court
S. D. Texas,
Houston Division.
Sept. 30, 1957.

Albert L. Weintraub, Miami, Fla., and Patterson & McDaniel, Houston, Tex. (Louis M. Moore, Houston, Tex.), for plaintiff.

Butler, Binion, Rice & Cook, Houston, Tex. (Frank J. Knapp and Charles C. Crenshaw, Jr., Houston, Tex.), for defendant.

INGRAHAM, District Judge.

In this diversity action filed on December 28, 1956, plaintiff, of Florida, seeks recovery of damages from defendant, a Texas corporation, for personal injuries received in an airplane crash occurring on December 5, 1955, in Louisiana. Plaintiff's allegations in substance are that the airplane, a Camair 480, manufactured by defendant in this district, was purchased under a conditional sales contract from defendant by Blue Star Motors Corporation, a New York corporation, on or about October 22, 1955. At the time of the sale the airplane was licensed by the Civil Aeronautics Administration. Forty-three days later, and after the airplane had been flown for approximately eighty hours, the plane while in flight with plaintiff Page, an employee of Blue Star Aviation Corporation, a Florida corporation, as pilot, crashed to earth, seriously injuring plaintiff. In support of his claim plaintiff alleged in substance in Count No. I of his amended complaint based on negligence, that the defendant was negligent in the designing, selection of material, construction, assembly, workmanship, inspection, and testing of the airplane and its component parts, which negligence resulted in certain defective parts which failed while the airplane was in flight. In Count No. II of his amended complaint based on alleged breach of implied contractual warranty, that defendant warranted that said aircraft was reasonably fit for the purpose of flight and further represented and warranted that the said aircraft was properly made of good materials, well constructed and of the best manufacture. Plaintiff further alleges in detail that while he, a professional pilot, was operating the aircraft in the air certain mechanical failures occurred in component parts of each engine due to defects therein resulting from negligence of defendant in the design, materials used, workmanship, assembly, inspection, and testing thereof. That these defects were not known to plaintiff, were hidden and could not be observed, but were known to defendant, or should have been known. That the aircraft was approximately eighty flying hours old. That it had not received its 100 hour check, and the parts which were defective had not been examined or checked, as they were parts that would ordinarily last the life of the aircraft. That the pin in the carburetor alternator valve door cannot be observed on the outside, and the propeller pitch control cable housing could only be checked with a wrench and as the 100 hour inspection period had not arrived, there was no occasion to check it, and it could not be observed by merely looking at it.

Defendant moved on three grounds to dismiss plaintiff's amended complaint for insufficiency of same to state a claim against it upon which relief could properly be granted. This motion should be sustained as to the first and third grounds thereof as hereinafter discussed. In view of the disposition to be made of the motion as to the first ground, the second ground thereof becomes immaterial and need not be here considered.

Defendant also filed two other alternative motions which become immaterial by reason of the disposition to be made of its Motion to Dismiss, and are therefore not here discussed.

This being a diversity case we look to Texas law to determine the substantive rights and obligations of the parties, including the Texas conflict of law rules since the operative facts occurred in Louisiana. Under Texas law, the law of the place where the injury was sustained, the lex loci delicti, determines whether a right of action exists. DeHam v. Mexican Nat. Ry. Co., 86 Tex. 68, 23 S.W. 381; El Paso & N. W. Ry. Co. v. McComas, 36 Tex.Civ.App. 170, 81 S.W. 760; err. ref. 98 Tex. 615; Lykes Bros. S. S. Co., Inc., v. Esteves, 5 Cir., 1937, 89 F.2d 528; Slater v. Mexican Nat. R. Co., 194 U.S. 120, 126, 24 S.Ct. 581, 48 L.Ed. 900; Goodrich Conflict of Laws, 3rd Ed., 1949, p. 260, Sec. 92. The injury for which the plaintiff here sues having occurred in Louisiana, the law of Louisiana creating his right to sue for the alleged tort, the liability of

the defendant therefor, and the defenses it may plead to plaintiff's suit, is the law to be applied by this court in determining the respective rights of the parties.

■ The first ground of defendant's Motion to Dismiss is that plaintiff's alleged cause of action in tort having accrued on December 5, 1955, when the plane he was piloting crashed in Louisiana, such cause of action was extinguished, under the provisions of the Louisiana law governing tort actions, within one year from such date; and plaintiff having failed to file his suit until more than one year later, his complaint fails to state a claim against defendant upon which relief can be granted. The motion to dismiss should be sustained on this ground. The clerk's file mark on the plaintiff's original complaint shows the suit to have been instituted in this court on December 28, 1956, more than one year after the date of plaintiff's accident and injury.

Article 2315, LSA–Civil Code of the State of Louisiana Revision of 1870, as amended, provides in part:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it;"

Article 3536, of the same Code, provides as follows:

"The following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * * *"

Article 3537, of the same Code, provides as follows:

"The prescription mentioned in the preceding articles runs: * * And in other cases from that on which the injurious words, disturbance or damage was sustained. * * *"

Article 3541, of the same Code, provides as follows:

"The prescription mentioned in the preceding article, and those provided in paragraphs I and II of Section Three (3) of Chapter Three (3) of this title, and those of thirty years, shall run against married women, minors and interdicted persons reserving however, to minors and interdicted persons recourse against their tutors or curators. This prescription shall also run against persons residing out of the State."

Articles 3536 and 3537 are to be found in Chapter Three (3), Section Three (3), Paragraph I, of the cited Code, and are thus within the provisions of Article 3541.

■ Article 2315, supra, is to be read together with Articles 3536, 3537 and 3541. Bourgeois v. Indemnity Ins. Co. of North America, La.App.1952, 60 So.2d 718; Young v. McCullium, La. App., 74 So.2d 339.

That the above cited statutes are applicable to actions ex delicto has been clearly established by the Supreme Court of Louisiana. Reeves v. Globe Indemnity Co. of New York, 1936, 185 La. 42, 168 So. 448; Sims v. New Orleans Ry. & Light Co., 1914, 134 La. 897, 64 So. 823.

Plaintiff contends that Article 3536, supra, is merely a statute of limitation barring the remedy, and therefore procedural, and that the law of the forum should be applied. With this contention the court cannot agree, nor do the authorities cited by plaintiff in support of such contention appear to be applicable.

■ It is a well established principle in conflict of laws that an exception to the rule as to the application of the lex fori exists where a liability is sought to be enforced under a statute which prescribes the time within which suit may be brought and which in effect provides that the cause of action or right of recovery shall be extinguished after such time. Goodrich on Conflict of Laws (3rd Ed.), page 242, Sec. 86; American Law Institute's Restatement on The Conflict of Laws, p. 720, Sec. 604; Id. p. 722, Sec. 605; 28 Tex.Jur., p. 92, Sec. 17; 53 C.J.S. Limitations of Actions § 30,

pp. 975–976; Ross v. Kansas City S. R. Co., 1904, 34 Tex.Civ.App. 586, 79 S.W. 626; Wood on Lim., Sec. 9, page 30; Finnell v. Southern Kan. Ry. Co., C.C., 33 F. 427; Brunswick Terminal Co. v. National Bank of Baltimore, 4 Cir., 99 F. 635, 40 C.C.A. 22, 48 L.R.A. 625; Flash v. Connecticut, 109 U.S. 371, 3 S.Ct. 263, 27 L.Ed. 966; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140; 30 L.Ed. 358; Fourth National Bank of City of New York v. Francklyn, 120 U.S. 747, 7 S.Ct. 757, 30 L.Ed. 825. Whether the foreign statute extinguishes the right of action or merely affects the remedy has been held a question of construction governed by the adjudicated cases in that foreign jurisdiction. 53 C.J.S. Limitations of Actions § 30, pp. 975–976; Keys v. Pullman Company, D.C., 87 F. Supp. 763. Louisiana follows the civil rather than the common law, and according to its law, statutes of prescription extinguish the right rather than merely bar the remedy which is the common law rule. DeBouchel v. Koss Const. Co., Inc., 1934, 180 La. 615, 157 So. 270; Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899. Such construction has been recognized and adhered to by a Texas Court of Civil Appeals, in Ross v. Kansas City S. R. Co., 1904, 34 Tex.Civ.App. 586, 79 S.W. 626, and by the United States District Court, Southern District of New York, in the case of Badhwar v. Colorado Fuel and Iron Corporation, 1955, 138 F.Supp. 595. Both of these cases involved suits for damages based upon negligence occurring in the State of Louisiana, and both suits were brought in other states more than one year after date of injury. Defendant's plea of prescription in each case was sustained.

 It is a well established principle of law that if by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of time has elapsed, no action begun after the period has elapsed can be maintained in any state. This provision is not infrequent in the case of statutory wrongs.

The limitation need not be contained in the statute creating the right, but may be found in any statute specially directed at a qualification of the right. The procedural policy of the forum cannot override the enforcement of a foreign statute which creates a time limitation upon the cause of action itself. Goodrich Conflict of Laws (3rd Ed., 1949), p. 242, Sec. 86; American Law Institute's Restatement on The Conflict of Laws, p. 720, Sec. 604; Id. p. 722, Sec. 605; 28 Tex.Jur., p. 92, Sec. 17; 53 C.J.S. Limitations of Actions § 30, pp. 975–976; Ross v. Kansas City S. R. Co., supra; Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067; Ford, Bacon & Davis, Inc. v. Volentine, 5 Cir., 1933, 64 F.2d 800.

Under the cited authorities, plaintiff's action based on negligence was extinguished one year after the date of accident and injury which occurred December 5, 1955.

 The third ground of defendant's Motion to Dismiss is that the allegations of plaintiff's amended complaint show as a matter of law that there was not such privity of contract between plaintiff and defendant as would support an action in contract by plaintiff for breach of warranty of fitness. The Motion to Dismiss should be sustained on this ground.

The plaintiff's allegations pertinent to this point in Count No. II of said complaint are, in essence, that defendant manufactured and sold the aircraft in question under a conditional sales contract on October 22, 1955, to Blue Star Motors Inc., a New York corporation, and in order to induce the purchase of said aircraft, warranted, sold, and delivered same for the purpose of sustaining flight through the air. That at the time of sale, defendant knew the particular purpose for which the aircraft was required and then and there warranted that said aircraft was reasonably fit for said purpose, and further warranted that the aircraft was made of good materials, was well constructed and of the best manu-

facture. That said plane had been flown for approximately 80 hours since its purchase. That on December 5, 1955, while said plane was being flown by plaintiff, an employee of Blue Star Aviation Corporation, a Florida corporation, it fell to the ground and crashed near New Orleans, Louisiana, due to the failure of certain alleged defective parts on each engine, such defects allegedly being the result of defendant's negligence in the manufacturing of said plane. That plaintiff came into possession of said aircraft approximately one week before the accident occurred, when his employer, Blue Star Aviation Corporation, instructed him to fly the aircraft back to the defendant in Texas. That the plaintiff relied upon said warranty when he attempted to use the aircraft for the purposes stated. That the aircraft upon being so used proved to be unfit for the purpose alleged in that it failed to provide flight under ordinary use, and in that it was not made of good materials and became broken and so changed that it became unfit for the purpose for which it was warranted. That at the time of said sale, or use by plaintiff, he did not know the character and condition of said aircraft, nor could he ascertain that it was unfit for the purpose for which it was purchased.

The allegations of plaintiff's amended complaint not only fail to show that plaintiff was in any way a party to the conditional sales contract entered into between the defendant and Blue Star Motors, Inc., a New York corporation, they positively establish that he was not such a party, in that they affirmatively show he was not the original purchaser of the aircraft in question, was not an employee of Blue Star Motors, Inc., the New York corporation, which originally purchased the plane, but was only an employee of Blue Star Aviation Corporation, a Florida corporation, which was not a party to such contract itself, and that the plaintiff's only connection with the aircraft was to fly the aircraft to Texas pursuant to the instructions of his employer, Blue Star Aviation Corporation.

■ Plaintiff contends that the cause of action based on implied warranty of fitness is an action upon contract, and is governed by the limitation period applicable to such actions, regardless of whether the effect of the breach of warranty was to cause personal injuries to one not in privity with the manufacturer. Plaintiff cites and relies upon both Louisiana statutory and case authority to support his contention.

The question is whether or not under the allegations in Count II of plaintiff's amended complaint he has shown such facts as would entitle him to maintain a claim based on contract. It is the opinion of the Court that he has not.

The plaintiff stands in the same position as that of an ultimate buyer of goods, and a cause of action on contract may not be stated by him for alleged misrepresentations by the defendant manufacturer as to the qualities of the aircraft in question in the absence of privity of contract between him and the defendant. No such privity has been shown by the plaintiff's amended complaint, and in fact, such privity is completely negatived.

■ It is a well established principle of the law, that as between a stranger to a contract of sale between the seller and the buyer, or as between a manufacturer of an article and a subsequent purchaser or user thereof, such stranger to the contract of sale, or such subsequent purchaser or user, is not entitled to maintain an action in contract against the seller or manufacturer for breach of warranty, express or implied, as to the quality or fitness of the thing sold or manufactured, made directly by the seller or manufacturer to the original purchaser thereof, there being no privity of contract between the stranger to the contract of sale, or the subsequent purchaser or user, and the seller or manufacturer, 46 Am.Jur. 487, Sec. 306; Brown v. Howard, Tex.Civ.App. San

Antonio 1955, 285 S.W.2d 752 (Err.Ref. N.R.E.); Chanin v. Chevrolet Motor Co., 7 Cir., 1937, 89 F.2d 889, 111 A.L.R. 1235; Torpey v. Red Owl Stores, Inc., 8 Cir., 1955, 228 F.2d 117; S. H. Kress & Co. v. Lindsey, 5 Cir., 1919, 262 F. 331, 13 A.L.R. 1170; Rachlin v. Libby-Owens Ford Glass Co., 2 Cir., 1938, 96 F.2d 597; Talley v. Beever & Hindes, 33 Tex. Civ.App. 675, 78 S.W. 23.

The cited cases clearly foreclose plaintiff's contention that he has a cause of action in contract based upon breach of implied warranty regardless of his lack of privity of contract with the defendant. The above stated rule is not to be confused with the rule which permits a third person to bring suit directly against a manufacturer for breach of implied warranty of fitness of a thing by reason of negligence on the part of such manufacturer in the manufacture thereof, and the authorities recognizing the latter rule do not support plaintiff's contention that he has a claim in contract against defendant. Nor do the authorities cited by plaintiff in support of his contention appear to be applicable. In the case of Laclede Steel Co. v. Silas Mason Co., D.C., 67 F.Supp. 751, there appears to have been a direct warranty from manufacturer to subsequent purchaser; the case of Walker v. General Motors Corporation, D.C., 115 F.Supp. 267, was an action directly in tort; Miller v. Louisiana Coca Cola Bottling Co., La.App., 70 So.2d 409, was an action sounding in tort rather than on a contractual theory; and Dawson v. Mc-Williams, 5 Cir., 1945, 146 F.2d 38, was an action based solely on negligence, no question of contractual warranty being involved.

It is the opinion of the Court that the third ground of defendant's Motion to Dismiss should be sustained.

True copies hereof will be forwarded to counsel of record, who will draft and submit appropriate dismissal order.