Frank H. **PAGE**, Appellant,

v.

**CAMERON IRON WORKS, INC.,**
Appellee.

**No. 17062.**

United States Court of Appeals
Fifth Circuit.

Sept. 26, 1958.

Rehearing Denied Oct. 31, 1958.

Louis M. Moore, Houston, Tex., Albert L. Weintraub, Miami, Fla., Patterson, McDaniel & Moore, Houston, Tex., for appellant.

Charles C. Crenshaw, Jr., Butler, Binion, Rice & Cook, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether the court below properly dismissed, as extinguished under applicable Louisiana law, appellant's action for per-

sonal injuries received in the crash of an airplane manufactured by appellee. The crash occurred in Louisiana and the trial court, applying Louisiana law, held that the statute which created appellant's right of action also extinguished it.[1]

This diversity action is based upon the allegation that appellant, a resident of Florida, was injured as the result of appellee's negligence in the manufacture of the plane he was piloting. In a carefully worded and documented opinion [2] the court below held that it must look to the law of Louisiana to determine whether a claim exists upon which relief could

be granted; that the statute of Louisiana creating the right of action provided that said right would expire at the end of one year; that the statute under consideration had been construed by the Louisiana Courts as extinguishing the right rather than merely barring the remedy; and that under the Louisiana statute so construed, appellant could not maintain the action brought by him in a Texas State Court because more than one year had elapsed before it was brought.

The court based its ruling upon articles of the Civil Code of Louisiana quoted by it [3] and decisions referred to in the

1. Our opinion deals alone with the claim presented by the first count. The court below also granted the motion to dismiss the second count on the ground that there was no privity between appellant and appellee to support an action for breach of warranty of fitness of the plane. Since the case was disposed of by the court below upon a motion to dismiss, all of the well pleaded averments of the complaint must be accepted as true.

The propriety of the court's action in dismissing the second count is difficult to determine on the record before us. The second count refers to the first count and adopts its allegations. From the two counts it appears that appellee sold the aircraft to the Blue Star Motors Corporation, a citizen of New York, "under a Civil Aeronautics Administration bill of sale form, and conditional sales contract." It is further averred that the appellee represented to Blue Star Aviation Corporation, a citizen of Miami, and to the appellant himself that the plane was capable of carrying and transporting persons through the air, and that descriptive literature and a brochure were given to appellant setting out representations along the same line.

The second count alleges that appellee warranted, sold and delivered the aircraft for the purpose of sustaining flight through the air and that the craft was reasonably fit for said purpose. Whether appellant claims that he was a party to these representations and warranties, whether they were contained in the written contract alone, and other relevant matters do not clearly appear.

We think that a proper disposition of the motion to dismiss the second count would require that a copy of the conditional sales contract should be before the Court. This is particularly true in view

of appellee's contention that the law of Louisiana should not be applied to the contract because it says that "we think it unreasonable to assume that the conditional sales contract was made and executed prior to delivery of the aircraft at the appellee's place of business in Texas." The court below was not advised as to these details and could hardly reach an accurate conclusion as to the state whose laws should be applied without some clarification along the lines indicated. Upon another trial the court may feel constrained to grant the motion of appellee for a more definite statement under Rule 12(a), F.R.C.P., 28 U.S. C.A.

We have dealt with closely related questions in our recent decisions in International Derrick and Equipment Co. v. Croix, 5 Cir., 1957, 241 F.2d 216; E. I. du Pont de Nemours & Co. v. Kissinger, 5 Cir., 259 F.2d 411. Much has been written on the subject of the liability of manufacturers to third persons using their products, cf. the annotation in 13 A.L.R.2d 191, et seq. and the prior annotations there referred to. We think that the judgment as to the second count should be set aside and the case as to it should be remanded for further consideration in the light of a clearer showing, including copy of the conditional sales contract and such other details as the trial court may think proper.

2. Reported in 155 F.Supp. 283.

3. The applicable Louisiana statutes as set forth by the lower court are (at page 286):

Article 2315, LSA–Civil Code of the State of Louisiana Revision of 1870, as amended, provides in part:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."

published opinion.[4] The facts are set out more in detail in the District Court's opinion along with the reasoning by which its decision was reached and the authorities upon which it was based. We agree with the District Court in its reasoning and its conclusions, except for its one vital holding that the Louisiana statute creating the right also destroyed it. Our study of the Louisiana cases leads us to conclude that they do not support this portion of the District Court's opinion.

Its opinion on this crucial point (155 F.Supp. at page 287) reads thus:

> "Louisiana follows the civil rather than the common law, and according to its law, statutes of prescription extinguish the right rather than merely bar the remedy which is the common law rule."

This statement of the court does find support in the Ross case decided by a Court of Civil Appeals of Texas. That decision mentions several times that the Louisiana statutes creating the cause of action extinguish it at the end of one year in the absence of suit. The Texas court does not refer to the statutes involved nor to any Louisiana cases on the subject. The Badhwar case may also be taken as supporting the decision of the court below, although it held the action there involved to be barred also by the United States Carriage of Goods by Sea

Act, 46 U.S.C.A. § 1300 et seq. We have read and considered those cases but are, as the court below indicated, bound by the holdings of Louisiana Courts.[5]

■ We cannot agree with the conclusions of the District Court that, in Louisiana, all statutes of prescription "extinguish the right rather than merely bar the remedy", and we do not find the problem before us as simple as the court below seems to have found it. As we read the Louisiana cases, its law is that a statute of limitation extinguishes the right only when such statute is peremptive rather than prescriptive. See our discussion of the subject in Mullins v. De Soto Bank & Trust Co., 5 Cir., 1945, 149 F.2d 864, 867.

■ We will consider first the two Louisiana cases relied upon by the court below. Guillory involved a suit brought by taxpayers to avoid payment of a tax levied under a special statute authorizing the police jury to levy taxes to assist in the construction of a railroad. The court held the action barred, using this language (28 So. at pages 900–901): "This statute gives the right—and the only right the law accords—to contest elections held to take the sense of property taxpayers on a proposition to grant a tax in aid of a railway enterprise. By its terms such an election may be contested by taxpayers in interest * * *. But the suit must be brought within

---

Article 3536, of the same Code, provides as follows:

"The following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * * *"

Article 3537, of the same Code, provides as follows:

"The prescription mentioned in the preceding articles runs: * * * And in other cases from that on which the injurious words, disturbance or damage were sustained. * * *"

Article 3541, of the same Code, provides as follows:

"The prescriptions mentioned in the preceding article, and those provided in paragraphs I and II of section three (3) of Chapter three (3) of this title, and

those of thirty years, shall run against married women, minors, and interdicted persons, reserving, however, to minors and interdicted person recourse against their tutors or curators. These prescriptions shall also run against persons residing out of the State."

4. De Bouchel v. Koss Const. Co., 1934, 180 La. 615, 157 So. 270; Guillory v. Avoyelles Ry. Co., 1900, 104 La. 11, 28 So. 899; Ross v. Kansas City Southern Railway, 1904, 34 Tex.Civ.App. 586, 79 S.W. 626, and Badhwar v. Colorado Fuel & Iron Corp., D.C.S.D.N.Y.1955, 138 F. Supp. 595.

5. Badhwar cites our case of Colley v. Canal Bank & Trust Co., 5 Cir., 159 F. 2d 153, but the point now before us was not involved in that case.

three months after the promulgation of the result of the election. * * * When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. * * * "

The quoted language carries its own argument. As far as that case is concerned, the destruction of the cause of action was predicated on the fact that *the statute creating the right to sue carried also its death sentence.* It is equally clear that De Bouchel does not sustain the lower court's holding. That suit came before the Supreme Court twice.[6] De Bouchel sued Koss and nine other persons for false arrest and malicious prosecution, and the Supreme Court upheld dismissal because Koss was not sued within one year after the two separate causes of action accrued. We find no expression in either opinion beyond the use of the word "extinguish" which would tend to support the thesis that the court was applying a peremptive statute. On the other hand, both decisions used, over and over, the term "prescription," holding in the second hearing that prescription must be specially pleaded. It is noteworthy, also, that the statute of prescription involved here, Article 3536 of LSA–Civil Code of Louisiana, was the one enforced there along with the two succeeding sections. The Supreme Court of Louisiana simply announced that the "plea of prescription of one year, filed in this court, is therefore sustained * * *."[7]

The later cases make clearer the important distinction between limitation statutes which are "prescriptive" and those which are "peremptive." In Carpenter v. Cox, 1938, 186 So. 863, 865, the Court of Appeals of Louisiana[8] had before it an action by one transferee of a corporation against another transferee to collect portions of the corporation's federal income tax. Referring to Guillory, supra, the court quoted from 37 Corpus Juris, Limitations of Actions, § 5, the following:

> " 'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. *A lapse of the statutory period operates, therefore, to extinguish the right altogether.*
>
> * * * *They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided,* nor, it seems, can they be evaded even by proof of fraud. *Whether a particular limitation of time is to be regarded as a part of the general statute of limitations or as a qualification of a particular right must be determined from the language employed and from the connection in which it is used.*" See also, 53 C.J. S. Limitations of Actions § 1.

The Louisiana Court then went on to hold that the statute of limitation involved was "one of prescription rather than of peremption" and would not be applied because it was "not urged specially and expressly herein." The same liberality was shown by the Louisiana Supreme Court in Succession of Aurianne, 1951, 219 La. 701, 53 So.2d 901, where

---

6. The trial court cited the second opinion in 180 La. 615, 157 So. 270. The former opinion, 1933, is reported in 177 La. 841, 149 So. 496.

7. 149 So. 498.

8. Writ of certiorari and review denied March 6, 1939.

it was held that a statute of prescription may be waived.[9]

The last case which has been brought to our attention in which the Supreme Court of Louisiana emphasized the difference between the two classes of limitation statutes is Succession of Pizzillo, 1953, 223 La. 328, 65 So.2d 783, 786. The question before the court was whether an act of the Louisiana Legislature validating adoptions made prior to its passage, and limiting the right to sue to annul them to six months thereafter, was one of prescription or one of peremption. The trial court had held that it was the latter, and the Supreme Court affirmed using this language:

> "We disagree with counsel's predicate that Section 13 of Act 46 of 1932 provides a period of prescription of six months for the filing of suits to set aside acts of adoption. While it is true that the Legislature, in providing the time within which suits may be brought, labelled the period as one of prescription, this was inaccurate for, actually, the time provided for the filing of suits was not a period of prescription but one of peremption. The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right. [Citing several Louisiana cases.] Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists."

Finally, appellee argues that Articles 3536 and 3537 of the Louisiana Code are so intimately and necessarily related to Article 2315 creating the tort action here involved that the three should be read with the same effect as if they all constituted one statute. In other words, it is argued that these three statutes, read together, constitute the creation of a right to sue in tort with a peremptive statute of limitations.

Appellant contends, on the other hand, that the fact that the period of limitations is not contained in the Act creating the right to sue; that Article 3536 uses the word "prescribed" and has been construed as being a statute of prescription only; and that the Supreme Court of Louisiana has held that the limitation claimed under 3536 must be specially pleaded, all contravene the thought that the three statutes combine to form one granting a right subject to be destroyed by peremption. We think reason and the language of Louisiana decisions are on the side of appellant, and we hold that the statute fixing a period of limitation of one year for the bringing of this action in Louisiana was one of prescription and not of peremption.

The parties agree that if this is true, the Texas statute of limitation of two years applies, Vernon's Ann.Civ.St. art. 5526. Since the action was begun within two years from the time of its accrual, it results that the court below erred in granting the motion to dismiss. Its judgment is, therefore, reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

9. In our opinion, two cases chiefly relied upon by appellee do not apply. In Bourgeois v. Indemnity Ins. Co. of North America, La.App.1952, 60 So.2d 718, limitations was not involved, and the court merely held that Articles 2315 through 2320, all dealing with tort claims in pari materia, should be read together. The same is true of Young v. McCullium, La.App.1954, 74 So.2d 339, which make a like holding that Article 2315 and Article 2316, both dealing with tort actions, should be construed together.