Annie JACKSON, Plaintiff,

v.

**CONTINENTAL SOUTHERN LINES, INC., Defendant.**

**Civ. A. No. 723.**

United States District Court
W. D. Arkansas,
Texarkana Division.

May 8, 1959.

George F. Edwardes, Texarkana, Ark., for plaintiff.

Shaver, Tackett & Jones, Texarkana, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The complaint herein was filed originally in the Circuit Court of Miller County, Arkansas, on April 14, 1959, and in due course removed by the defendant to this court. The plaintiff is a resident of Texarkana, Texas, and the defendant is a corporation organized under the laws of Louisiana and is engaged in business in Arkansas as a common carrier of passengers for hire.

The complaint alleged that the plaintiff duly paid her fare for travel on the defendant's bus and rode thereon from Texarkana to Shreveport, Louisiana; that in alighting upon her arrival in Shreveport on January 4, 1958, she slipped and fell, suffering various personal injuries; and that the defendant was negligent in failing to provide a safe place to disembark or an attendant to assist the plaintiff in alighting from the bus.

On April 30, 1959, the defendant filed its motion to dismiss upon the ground that the statute of limitations of Louisiana, which is alleged to govern, is a bar to the claim, and also upon the ground that the plaintiff had heretofore executed a release discharging the defendant from any claims or actions by reason of the alleged injuries and claims.

It is the defendant's position that the plaintiff's right of action, if any, accrued in Louisiana; that Louisiana gives a statutory but no "common law" right of action for personal injuries, that State being governed by the Civil Code and not by common law. There is also a statutory period of limitation or "prescription" which bars either the plaintiff's remedy or her cause of action after one year. Conceding that statutes of limitations are ordinarily "statutes of repose" which are procedural and bar the remedy only, the defendant argues that in this case, since the Code gives the right of action and then bars it after a one-year period, the bar extinguishes the cause of action itself and is substantive. Therefore, the defendant contends the limitation in Louisiana applies as the substantive law of the place of the tort, if any, rather than the more generous limitation period applicable procedurally in the law of this forum.

The plaintiff does not deny that the period is limited to one year by Louisiana law, but contends that this is a "statute of repose" which merely bars the remedy, that it is procedural only, and that, therefore, the procedural limitation of the forum applies.

Both parties are in agreement that if the Louisiana limitation "extinguishes" the cause of action (rather than merely barring the remedy), that law will apply and bar this suit. The rule is stated in Leflar, Conflict of Laws, at pages 199–200:

"Statutes of limitations are generally treated as procedural so that the statute of the forum governs * *. Where the extrastate right sued on is, however, based upon a statute, and the limitation period is set by the very statute which creates the right itself, as is usually the case with the Death Acts, the forum will respect the limitation period set by the law of the place of the tort."

Goodrich, Conflict of Laws, at page 267 states the same rule as follows:

"Matters of procedure are unquestionably governed by the lex fori. While the time in which an action may be brought is generally regard-

ed as a matter of procedure and therefore governed by the law of the forum, a limitation upon the time for bringing suit, where the statute creates a right of action, is frequently declared to be a limitation upon the right itself and controlled by the lex loci delicti."

The question immediately before the court, therefore, is whether the Louisiana period of limitations is one which is procedural and bars the remedy only, or whether, as defendant urges, it is substantive and extinguishes the cause of action.

It appears that personal injury actions in Louisiana are based wholly upon Article 2315, LSA–Civil Code of Louisiana, and no rights are derived except from this statute. It provides in part:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."

This statute is read together with Article 3536, providing for a one-year prescription or limitation. See Page v. Cameron Iron Works, D.C., 155 F.Supp. 283, at page 286, and cases cited, reversed on other grounds in Page v. Cameron Iron Works, 5 Cir., 1958, 259 F.2d 420. There is no contention that Article 3536 is inapplicable.

█ Statutes of limitation under Louisiana law are denominated either as statutes of "prescription" or of "peremption." The statute, if one of prescription, bars the remedy merely, but does not extinguish the cause of action and must be specially pleaded. If the statute is one of peremption, the cause of action is extinguished. In Succession of Pizzillo, 1953, 223 La. 328, 65 So.2d 783, at page 786, the Supreme Court of Louisiana said:

"The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory period oper-

ates as a complete extinguishment of the right. Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899; Brister v. Wray-Dickinson Co., 183 La. 562, 164 So. 415, and Collier v. Marks, 220 La. 521, 57 So.2d 43. Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists."

In Carpenter v. Cox, La.App.1938, 186 So. 863, quoting Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, the court said at page 865 of 186 So.:

"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself."

No cases decided by the court of Louisiana have been cited or found which passes in concrete terms upon the question now before the court. It would seem, however, from the foregoing authorities that if the statute is one of prescription, the limitation bars the remedy only and hence is procedural, so that the limitation of the forum would apply. Article 3536, which is the limiting statute involved, refers to "prescription." In regard to another statute of limitation, the Supreme Court of Louisiana has held that such references in the statute might be mislabeled. Succession of Pizzillo, supra. Therefore, this court cannot regard the reference to "prescription" in the statute as absolutely controlling in and of itself. However, in the recent case of Devoe & Reynolds Co. v. Robinson, La.App.1959, 109 So.2d 226, the court, referring to Article 3536, the limitations statute involved here, described that statute as one of "prescription."

Furthermore, the statute creating the cause of action, Article 2315, is far removed from Article 3536, which provides

the applicable prescription. The defendant's contention apparently is that all articles are part of one Code and, therefore, the Code which gives rise to the cause of action also extinguishes the right to it after the one-year period. If this contention were sustained, it would mean that all limitations in Louisiana were peremptions extinguishing the cause of action rather than prescriptions, since all or substantially all actions in that State are provided for by code, not by common law. As the above decisions demonstrate, such is not the Louisiana rule, since that State recognizes that prescription bars the remedy only.

■ The conclusion of the court that the prescription of Article 3536 bars the remedy only is supported by strong authority in the case of Page v. Cameron Iron Works, 5 Cir., 1958, 259 F.2d 420. In that case, the Court of Appeals for the Fifth Circuit, which is regularly faced with questions of Louisiana law, was presented the precise question now before this court, and held, after reviewing the Louisiana authorities, that the prescription in question barred only the remedy for any claim under Article 2315. It held, therefore, that in an action brought in Texas and based on Article 2315, the Texas statutes of limitations, as those of the forum, governed and that the cause of action was not barred by the Louisiana prescription.

The defendant also asserts in support of its motion to dismiss that where a defendant continuously resides in the state where the cause of action accrued, and the cause becomes barred therein, a plaintiff may not pursue his remedy elsewhere. The defendant cites as authority for this proposition Hobbs v. Ludlow, 1928, 199 Ind. 733, 160 N.E. 450, and Louisiana & Mississippi R. Transfer Co. v. Long, 1930, 159 Miss. 654, 131 So. 84. Both of these cases, however, turn upon the applicable statutory provisions. Several states have adopted such a statutory rule, but Arkansas does not appear to be one of them. In fact, Ark.Stat.Ann., Sec. 37-230 (1947), provides specifically that the statutes of limitations "shall apply to nonresidents, as well as residents of this State."

The Supreme Court of Arkansas has recognized a common-law exception to the general rule that the limitations of the forum control where *both* parties have resided in the state where the cause of action arose until it was barred in that state. In such circumstances it is held that the law of the place where the cause of action accrued governs. But the defendant makes no contention here that both parties resided in Louisiana from the time of the injury, if any, until the action was barred. The defendant only contends that it was present in that State continuously. The court can find no authority in the decisions of the Supreme Court of Arkansas for the rule contended for by the defendant; and, in any event, there are no facts before the court upon which such a contention could be properly sustained.

The defendant has also alleged in its motion the execution of a release by the plaintiff, which it pleads as a bar to the present action and in support of its motion to dismiss. The release is not attached. Should the release come before the court upon a proper pleading, and should the facts surrounding it be properly presented, a ruling can be made relative to its legal effect, if any.

Since the Louisiana period of limitation affects the remedy only and is consequently procedural, that limitation is not applicable in this forum. Accordingly the motion to dismiss must be overruled.

An order in accordance with the above is being entered today.