BEER, Judge.
At issue in this appeal is the single question: Was plaintiff-appellee, Marian Inez Donellan (now wife of Sidney A. Gauth-reaux) adopted by decedent Joseph Patrick Donellan ?
This matter was previously before us in a status that precluded our ruling on this important point. Now an evidentiary hearing has taken place and the trial court has decreed that Mrs. Gauthreaux is the adopted daughter of Joseph Patrick Donellan and Mary A. Bouxe, first wife of. Joseph Patrick Donellan, pursuant to an Act of Adoption dated December 6, 1921, executed before William H. Byrnes, Jr., Notary Public. We affirm.
Joseph Patrick Donellan died on January 7; 1971, having been long predeceased by Mary A. Bouxe, who died on July 1, 1939. His second wife, Catherine Newman Al-fortish Donellan, filed a verified petition for possession in the Civil District Court for the Parish of Orleans on March 4, 1971 and alleged:
“That deceased was married twice, first to May A. Boxe [sic] who predeceased him and died March 22, 1939. That there was no children born of deceased’s first marriage nor any children adopted by him or his said first wife. That deceased was married secondly to the petitioner herein on July 1, 1939, and that no children were issue of decedent’s second marriage nor were any children adopted by decedent during his entire lifetime.”
Attached to the petition for possession was an Affidavit of Death and Heirship executed by Mrs. Delores Green and Mr. Sterling J. Beaulieu and sworn to before D. A. McGovern, III, Notary Public, on February 26, 1971, which included the following representations:
“ * * ‡ tt
“III '
“That decedent was married twice, first to May A. Boxe [sic] who predeceased him in the early part of 1939, and secondly, to Catherine Newman widow by first marriage to William Alfortish.
“IV
“That no children were born of either one of decedent’s marriages and that decedent never had any children during his lifetime, nor did he adopt anyone during his lifetime.”
Judgment of Possession in favor of Mrs. Catherine Newman Alfortish Donellan was *145 signed on March 5, 1971 placing her in sole possession of the estate of decedent.
On March 12, 1971 plaintiff-appellee, hereinafter referred to as Mrs. Gauth-reaux, brought suit to annul the judgment of possession because it failed to recognize her as the adopted daughter of decedent. Concurrently, Mrs. Gauthreaux devolutively appealed the judgment of possession to this court. (Succession on Donellan, 262 So.2d S26 (La.App. 4th Cir. 1972)). On that appeal we held that the record, as it then existed, contained insufficient countervailing evidence to modify the judgment of possession. We recognized, however, Mrs. Gauthreaux’s right to proceed with her petition for nullity. That issue was subsequently tried in Civil District Court on December 20, 1973 and resulted in the judgment which is the basis for this suspensive appeal by Mrs. Donellan.
At the trial, the original Act of Adoption contained in the Notarial Archives for the Parish of Orleans was produced before the court by the custodian of the Notarial Archives and admitted into evidence following the order of proof required in Succession of Hilton, 165 So.2d 332 (La.App. 2nd Cir. 1964). Thus admitted, the notarial Act of Adoption was regular on its face except for the absence of the signature of the natural father agreeing to the adoption as required by Act 31 of 1872 as amended by Act 48 of 1924.
However, any administrative defects that existed insofar as the Act of Adoption was concerned were, in any event, cured by Act No. 46 of 1932 § 13, which reads as follows:
“That any and all adoptions heretofore made, be and they are hereby confirmed, approved and validated, and that any action to set aside or annul any act of adoption made prior to the passage of this act shall be prescribed after the lapse of six months from and after the promulgation of this act; but this prescriptive period shall apply solely to actions having the purpose of setting aside and annuling acts of adoption by reason of such adoption not having been effected by an authentic act, but by private act before witnesses and acknowledged, or that all necessary parties did not sign the act of adoption.”
The correctness of the result was specifically recognized in Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953) and Lyons v. Goodman, 78 So.2d 424 (La.App. 1st Cir. 1955).
Appellant’s attack is, however, primarily predicated upon the contention that the Act of Adoption is an absolute nullity because Joseph Patrick Donellan’s signature thereupon is a forgery. Had this contention been proven, there is no doubt that appellant’s cause would prevail. Yet, standing in the way of appellant’s proof is LSA-C. C. Art. 2236, which states:
“The authentic act is full proof of the agreement contained in it, against the. contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
Thus, the burden of proof falls squarely upon appellant to establish, by a preponderance of the evidence, that the signature is indeed, a forgery.
A wide latitude of discretion is allocated to the trial judge in reaching the conclusion that Mrs. Donellan failed to carry the required burden of proof. We find no basis for upsetting this conclusion. In fact, we fully agree with his ruling.
Appellant’s order of proof on this critical point consisted of the possibly biased testimony of interested laymen. As a matter of fact, the only expert testimony was that produced in support of Mrs. Gauthreaux’s contention. She called Mr. Gilbert Fortier, who was properly qualified as an expert in the field of handwriting identification.
*146 Mr. Fortier compared the signature of Joseph Patrick Donellan on the Act of Adoption with signatures on various other documents including a number of company records on file with New Orleans Public Service, Inc., Mr. Donellan’s long-time employer, and with the signature of Mr. Don-ellan as a “Witness” on the Certificate of Marriage evidencing the marriage between Sidney A. Gauthreaux and appellee Marian Inez Donellan. Mr. Fortier concluded that the signatures on the Public Service documents which dated back to the 1920’s, the ' signature on the Act of Adoption and the witness’ signature on the marriage certificate evidencing the Gauthreaux-Donellan marriage were all made by the same person. Furthermore, Mrs. Gauthreaux testified "that she saw her father sign her marriage certificate as a witness.*
Appellant called no expert to support her claim or to attack the affirmative testimony of Mr. Fortier. Thus, the weak evidence produced by Mrs. Donellan was strongly refuted by appellee and we believe that the trial court was quite correct in its resolution of this critical issue.
Authentic acts of long standing are entitled to a clear presumption of regularity and will not be cast aside and rendered null by self-serving surmise, suggestion and suspicion. None of the alleged interrelationships or lack thereof between Mrs. Gauthreaux and Mr. Donellan portrayed by appellant’s witnesses (who are also her relatives) really matter. Human actions and relationships are, at best, complicated and not subject to faultless interpretation. What does matter is that there is little or no credible evidence sufficient to seriously commence an attack on the validity of the authentic act.
The judgment of the trial court is affirmed. Cost of the appeal to be taxed against appellant.
Affirmed.

 Of interest is the fact that this marriage certificate, executed at an unsuspicious time, specifically indicates that Marian Inez Donel-lan is the “daughter of Joseph P. Donellan and Mary Buxe [sic].”