417 So.2d 497 (1982)
In the Interest of the Minor Amy Rochelle VOYLES.
No. 82-CJ-0068.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*498 Guy A. Modica, and Carmack M. Blackmon, Baton Rouge, for plaintiffs-appellants Tom D. Allgood and Irys Lynn Voyles Allgood.
David A. Leclere, Baton Rouge, for defendant-appellee Harrold Hansel Austin.
A. Edward Hardin, Baton Rouge, for defendant-appellee Inge Meyer Austin.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
This is a suit for the annulment of an adoption. Plaintiffs are Tom D. Allgood and Irys Lynn Voyles Allgood. The petition alleges that on March 13, 1971, Mrs. Allgood, then 15 years of age and unmarried, gave birth to a female child. It is further alleged that Mr. Allgood is the natural father of the child. Mrs. Allgood alleges that she was coerced by her parents and others into giving up the child for adoption, that she was never permitted to see the child, and that the whereabouts of the child were concealed from her until March, 1981. It is further alleged that the child was subsequently adopted by Harrold Hansel Austin and Inge Meyer Austin, who are named defendants herein.
To the petition, defendants filed a peremptory exception of prescription, based on R.S. 9:405, and, as to Tom D. Allgood, an exception of no cause of action. After a hearing, the peremptory exception of prescription was sustained, citing R.S. 9:405 and R.S. 9:440, and plaintiffs' suit dismissed. From the judgment of dismissal, plaintiffs have appealed.
R.S. 9:405 provides as follows:
"No action to annul any court order or decree of abandonment of a child, or attacking the validity of any voluntary surrender of custody of a child prior to July 31, 1974, where the reason for annulment or attack is lack of jurisdiction, a defect in the procedure followed, lack of capacity or authority of the person executing the surrender, the alleged invalidity of the statute under which the decree was rendered or surrender executed or for any other reason, shall be brought after the lapse of one year from July 31, 1974."
R.S. 9:440 provides:
"No action to annul a final decree of adoption rendered prior to July 31, 1974, for any reason, may be brought. No action to annul a final decree of adoption rendered prior to September 7, 1979, for any reason, shall be brought after a lapse of six months from September 7, 1979."
In this court, plaintiffs claim that the above two statutes do not apply in cases in which the adoption is an absolute nullity. Alternatively, it is claimed that the doctrine of contra non valentem agere, nulla currit praescriptio is applicable. In the further alternative, it is contended that R.S. 9:405 and R.S. 440 are unconstitutional under the state and federal constitutions.
The record reveals that Amy Rochelle Voyles was born on March 13, 1971, and was immediately placed in the care of Mr. and Mrs. Austin by Mrs. Allgood's mother. Mrs. Allgood testified, without contradiction, that her mother refused to tell her where Amy was. She further testified that she signed a surrender document and offered no opposition to the subsequent abandonment *499 proceeding because her mother threatened to have Mr. Allgood arrested for carnal knowledge of a juvenile and to have her (Mrs. Allgood) placed in a detention home if she fought the adoption. It is clear from the record that copies of the pleadings in the abandonment proceeding were served on Mrs. Allgood, and that both she and her husband were aware of the nature of the proceeding, and that Amy was to be adopted by parties selected by Mrs. Allgood's mother.
The abandonment proceeding was instituted April 6, 1972, and judgment of abandonment was signed on June 6, 1972. The adoption proceeding was filed on June 15, 1972, and the final decree of adoption was signed on April 10, 1973. Because of the abandonment decree, no notice of any kind was given Mrs. Allgood in the adoption proceeding.
Mrs. Allgood testified that she finally learned Amy's whereabouts in March, 1981, and this suit to annul the adoption was brought in July, 1981.
Act 147 of 1974 amended R.S. 9:440 so that it read as follows:
"No action to annul a final decree of adoption rendered prior to July 31, 1974, for any reason, shall be brought after the lapse of six months from July 31, 1974."
As amended in 1979, R.S. 9:440 presently forbids any action to annul an adoption decree rendered prior to July 31, 1974. If these statutes mean what they say, plaintiffs' right of action was extinguished on January 31, 1975.
Plaintiffs' first argument is that the above statute was designed to remedy minor procedural defects and not to cure absolute nullities arising from the failure to follow basic substantive requirements of the law. Plaintiffs rely on certain dicta in Succession of Donellan, 310 So.2d 143 (La. App. 4th Cir. 1975), in which the court indicated that a forged notarized act of adoption would be an absolute nullity, not cured by a statute of repose. The instant case involves a judicial proceeding and an entirely different statute.
We find R.S. 9:440 to be entirely clear. We hold that "for any reason" means what it says, and that it is now too late for plaintiffs to seek the nullity of the adoption, assuming, arguendo, that the proceedings were, in fact, absolutely null for the reasons stated.
Plaintiffs' next contention is that they are entitled to the benefit of the doctrine contra non valentem agere, nulla currit praescriptio. The doctrine states that prescription does not begin to run against one who is ignorant of facts that would entitle him to bring suit. They contend that they believed they could do nothing until they knew the whereabouts of their child, and that the one year period of prescription or peremption prescribed by R.S. 9:440 did not begin to run until that time. However, the record shows that both plaintiffs were aware of the abandonment proceeding; that they knew that there was an impending adoption; that they were married on July 15, 1972, and no longer under any threat of imprisonment at a time when the adoption proceeding was barely under way; and that they still took no action to contest the adoption or appeal the abandonment judgment.
Therefore, even if the doctrine of contra non valentem is applicable to a situation involving a statute of repose, which is not at all clear, plaintiffs would not be entitled to its benefit under the circumstances of the case.
Plaintiffs further contend that R.S. 9:405 and R.S. 9:440 are unconstitutional because they are special statutes in contravention of Article III, Section 12 of the Constitution of 1974, formerly Article IV, Sections 4 and 5 of the Constitution of 1921. A special statute is one designed to secure a special advantage for the benefit of private individuals. It is argued that the statutes in question are special rather than general in nature because they are designed to legalize proceedings not carried out in accordance with the laws relative to adoption proceedings, and benefit only those persons who failed to follow the provisions of the law.
*500 In disposing of the point, the trial judge said, in his written reasons for judgment:
"The Louisiana Supreme Court distinguished a special law from a general law in St. [State] v. Slay, 370 So.2d 508 (La. 1979):
A statute is considered a special ... law if its restrictions can affect only a portion of the citizens..... A general law operates equally and uniformly upon all the persons brought within the relations and circumstances for which it provides.
"The statute here operate an all persons wishing to annul acts of surrender or adoptions. The bar to the action is equal and uniform. Excluded from the class of people who are barred are only those who brought their actions timely and those who have no interest in annulling any act of surrender or adoption. This application of the laws is equal and uniform as to all citizens in a rationally based classification. Davenport v. Hardy, 349 So.2nd 858 (La.1977); St. [State] v. Clement, 188 La. 923, 178 So. 493 (1938); Martin v. La. Stadium and Exposition Dist., 349 So.2nd 349 (La.App. 4th Cir. 1977)."
We agree with the reasons of the trial judge.
Finally, plaintiffs argue that R.S. 9:405 and R.S. 9:440 are unconstitutional because they violate the equal protection and due process clauses of the Constitution of the United States. It is argued that the goal of the statutes, to insure the validity of defective adoption proceedings after the passage of a period of time, is outweighed by the fundamental right of natural parents to rear their own children.
There is a presumption of constitutionality of a statute, and the party attacking its constitutionality has the burden of proof. In this case, the authorities relied on by plaintiffs are inapposite. Plaintiffs had the means, the knowledge and the opportunity to attack the validity of this adoption proceeding for over two and one half years after their marriage, and failed to do so. Their ignorance of their rights is of no moment.
It must not be overlooked that there is no suggestion in this case that the defendants were in any way parties to the coercion practiced by Mrs. Allgood's mother. Amy has never known any other parents than defendants, and, as of this writing, she is eleven years old. R.S. 9:405 and R.S. 9:440 are designed to prevent the disruption which would surely result should we not give effect to those statutes.
We hold that plaintiffs have not borne their burden of demonstrating the unconstitutionality of R.S. 9:405 and R.S. 9:440, and that their right to attack the adoption judgment in question was cut off as of January 31, 1975. The exception of prescription was properly sustained.
The judgment appealed from is affirmed, at plaintiffs' cost.
AFFIRMED.