COVINGTON, Judge.
This is a devolutive appeal taken by Arnold Leland Stewart from a judgment of the district court which maintained a peremptory exception of prescription. Mr. Stewart had brought suit to annul the adoption of his children by his former wife’s husband, John Hans Goeb. The suit was filed on January 27, 1981. The defendants, John Hans Goeb and Susan Stewart Goeb, had obtained a final decree of adoption on December 11, 1978, in the Twenty-second Judicial District Court, Parish of St. Tammany, Louisiana. Mr. Stewart was represented therein through an attorney ad hoc appointed by the district court. To the present action, the defendants filed an exception of prescription pursuant to LSA-R.S. 9:44o.[1] Both parties filed memorandums in support of their respective posi *60 tions. After hearing, the trial court maintained the exception of prescription. Mr. Stewart applied to this Court for writs, which were refused on the ground that the applicant had an adequate remedy by appeal. Then Mr. Stewart devolutively appealed the judgment. We affirm.
The express language of LSA-R.S. 9:440 precludes any action brought to annul a final decree of adoption rendered prior to September 7, 1979 (as the instant decree was, December 11, 1978), no matter what the ground or the reason, after a lapse of six months from September 7, 1979. This suit was filed on January 27, 1981, so more than six months have elapsed. The appellant’s action is thus barred. See Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953). Regardless of the basis for Mr. Stewart’s attack upon the adoption decree (his claim is that it was fraudulently obtained), such an action no longer exists; a lapse of the statutory period operates as an extinguishment of the right. The provisions of LSA-R.S. 9:440 are clear and unequivocal. All adoptions made prior to this statute are validated after a specified period of time. Therefore, after the time period (six months) had lapsed, the adoption decree involved in the case at bar was immune to attack. Consequently, we affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.

. LSA-R.S. 9:440 provides:
“No action to annul a final decree of adoption rendered prior to July 31, 1974, for any reason, may be brought. No action to annul a final decree of adoption rendered prior to September 7, 1979, for any reason, shall be brought after a lapse of six months from September 7, 1979.” (Amended by Acts 1974, No. 147, § 1; Acts 1979, No. 686, § 3.)