637 So.2d 512 (1993)
STATE of Louisiana in the Interest of Mark Stevens TAYLOR, Jr.
No. CA 93 1231.
Court of Appeal of Louisiana, First Circuit.
July 23, 1993.
Paul St. Dizier, Brent C. Frederick, Baton Rouge, for plaintiff-appellee Dept. of Social Services.
Jo A. Fleming, Leon J. Harrel, Jr., Baton Rouge, for defendants-appellants Stephanie Lynn Bailey and Barbara Bailey.
Before GONZALES, FOGG and PITCHER, JJ.
GONZALES, Judge.
Appellant herein, Stephanie Lynn Bailey, appeals a judgment of the trial court maintaining an exception of prescription filed by the state to Ms. Bailey's Petition to Annul Act of Voluntary Surrender, and dismissing said petition. Ms. Bailey assigns as error: (1) the finding of the trial court that petitioner had the mental capacity to execute an Act of Surrender on May 21, 1992; and (2) the finding of the trial court that the department of Social Services complied with the provisions of article 1120 of the Children's Code.
The minor child involved in these proceedings was born February 16, 1992, to Stephanie Lynn Bailey. The child's birth certificate lists Mark Stevens Taylor as the child's father. On May 21, 1992, Mr. Taylor signed a voluntary act surrendering the child for adoption; attached thereto was an affidavit waiving mental health counseling and an affidavit of family history. Also on May 21, 1992, Stephanie Lynn Bailey signed a voluntary act surrendering the child for adoption; attached thereto was an affidavit verifying that mental health counseling had been provided to Ms. Bailey and an affidavit of family history.
On July 6, 1992, an attorney representing Ms. Bailey directed a letter to the Department of Social Services requesting the cancellation of the act of surrender and asking for the return of the child. The letter stated, "[i]f the child is not returned to the mother within the prescribed time, I will have no choice but to file suit in the Juvenile Court for injunction [sic] relief relative to any adoption proceedings concerning the minor child and annulment of the Act of Surrender executed." The petition to annul the act of voluntary surrender was not filed until October 20, 1992.
In response to the petition to annul the surrender, the state filed peremptory exceptions pleading the objections of prescription and/or peremption, no cause of action and/or no right of action (as to the petitioner Barbara Bailey, the child's grandmother). A motion to intervene was filed on February 16, 1993, by the prospective adoptive parents *513 of the minor child, referred to as John and Jane Doe, who alleged that the child had been placed in their home for approximately one week in April of 1992, and thereafter was returned to their home in May of 1992 where he has remained since that time. The motion of the Does was denied.
Hearing in the matter was held by the trial court on January 7, 1993. Oral reasons for judgment were given by the trial judge as follows:
The precise issue before the Court is the State's exception of prescription. However, it is not as easy an act as counting calendar days. Even though the law does provide a ninety day prescriptive period for attacking a surrender, the plaintiff has raised, in defense of the exception of prescription, her lack of mental capacity to proceed, and cited the pertinent articles and presented evidence in support of the contention that she lacked the mental capacity to proceed. Article 1114 makes it clear that any person that has been interdicted or who the Court finds to be mentally incapable of giving a knowing and voluntary surrender, shall not execute an act of surrender. So, the initial determination for the Court is whether or not the evidence supports the contention that Ms. Bailey was, on May 21st, mentally incapable of giving a knowing and voluntary surrender. The evidence presented by Ms. Bailey included her testimony, the testimony of some family members and the testimony of Dr. Ivory Toldson. Dr. Toldson testified, at length, regarding personality features evidenced in his evaluation of Ms. Bailey, and, as well, the stress attendant to having a medically involved premature child, and indicated that these stressors would effect [sic] her decision making. However, he clearly stated that she was not, uh, capable of being interdicted on that date. Her brother testified that although she lived with her parents, with her mother, she took care of herself. She worked, made decisions for herself and was not under interdiction or the subject of an interdiction. For those reasons, I find that, on May 21st of 1992, Ms. Stephanie Lynn Bailey was mentally capable of giving a knowing and voluntary surrender. Article 1148 requires that any attack on a surrender be filed within ninety days. So, the issue before the Court, finding that Ms. Bailey had the necessary mental capacity, is there any other evidence in defeat of the exception of prescription? Ms. Bailey, through counsel, has raised questions and concerns regarding the mental health counseling requirements, pursuant to Article 1120. I don't find it necessary to address those particular requirements, in light of the fact that the petition to annul the peti[sic] .. the surrender, was filed more than ninety days after the surrender was executed. It is not sufficient to write a letter to a lawyer. The law is very specific that prescription tolls unless or until legal proceedings are filed. For those reasons, I will grant the State's exception of prescription and dismiss Ms. Bailey's petition to annul her act of surrender.
Articles 1147 and 1148 of the Louisiana Children's Code provide as follows:
Art. 1147. Grounds
No act of surrender shall be subject to annulment except upon proof of duress or fraud, notwithstanding any provision of law to the contrary.
Art. 1148. Time limitations; finality
No action to annul a surrender shall be brought for any reason after ninety days from its execution or after a decree of adoption has been entered, whichever is earlier.
The trial court took evidence on the issue of Ms. Bailey's mental incapacity, apparently under the theory that the running of this time limitation would be suspended if petitioner's alleged mental incapacity could be established. However, the letter of petitioner's counsel dated July 6, 1992 established that her legal counsel was aware of the existence of a prescriptive or peremptive period and the basis of Ms. Bailey's allegations that the surrender was subject to annulment. At that time, approximately forty-five days remained during which a petition for annulment could have been filed; yet these parties waited until some sixty days after the ninety day time period expired to file suit. If suspension *514 were to apply to a time limitation such as this, it would certainly end at the time petitioner became capable of protecting her legal rights; i.e., in this case when an attorney became involved in the matter.
Despite our finding that any suspension of the time period provided in La.Ch.C. art. 1148 ended upon petitioner's retention of legal counsel, we conclude that the time limitation established by article 1148 is peremptive in nature, and therefore not subject to suspension. "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.C.C. art. 3458. In contrast to liberative prescription which merely bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of the existing right, peremption destroys the right itself and a cause of action or substantive right no longer exists to be enforced. Pounds v. Schori, 377 So.2d 1195 (La.1979); La.C.C. art. 3458, comment (b). "Peremption may not be renounced, interrupted, or suspended." La.C.C. art. 3461. Even were this a prescriptive period, "[p]rescription runs against ... incompetents, ... unless exception is established by legislation." La.C.C. art. 3468. The determination as to whether a time limitation is peremptive or prescriptive must be made in each case in the light of the purpose of the rule in question and in light of whether the intent behind the rule is to bar action or to limit the duration of a right. La.C.C. art. 3458, comment (c).
Support is gained for the conclusion that this time limitation is peremptive by comparison to the peremptive period found in La.C.C. art. 189, which provides that actions of disavowal must be brought within 180 days after the husband knew or should have known of the birth of the child. In holding that this time period is peremptive, the supreme court in Pounds v. Schori, 377 So.2d at 1200, notes that one of the fundamental purposes in protecting the legitimacy of children is the goal of preserving the family unit, which is the foundation of our society.
Similarly, we believe that in limiting the time within which a surrendering parent may re-claim his or her child and in limiting the reasons for which a surrender of parental rights may be annulled (i.e. only for duress, fraud or incompetency of the surrendering parent), the legislature intended to protect the stability of the adopting family unit as well as the stability of the child's life. Thus, the legislature chose to prohibit an action to annul a surrender brought for any reason after ninety days from its execution. This court has previously addressed the meaning of the phrase "for any reason" while examining the precursor to La.Ch.C. art 1148, La. R.S. 9:405, in In the Interest of Voyles, 417 So.2d 497 (La.App. 1st Cir.), writ denied, 420 So.2d 981 (1982). In the Voyles case, this court held that the phrase "for any reason" means what it says, and that after the expiration of the designated time period, a petitioner cannot seek the nullity of a parental surrender even if the proceedings were an absolute nullity. Consequently, we hold that with respect to the time limitation established by La.Ch.C. art. 1148, a surrendering parent loses the right to petition for the nullity of a surrender of parental rights after the passage of ninety days from the execution of the surrender or the entering of an adoption decree, whichever is earlier, and that the running of this ninety day time period may not be renounced, interrupted, or suspended.
Nevertheless, the trial court ruled on the actual merits of petitioner's claim that she lacked the mental capacity to effect a valid surrender of her parental rights. Although we do not believe it is necessary in this case to reach the merits of the petition to annul as stated hereinabove, we have completely reviewed the record submitted on appeal and we are unable to say the trial court was manifestly erroneous in so finding on this issue. See Stobart v. DOTD, 617 So.2d 880 (La.1993); Rosell v. Esco, 549 So.2d 840 (La. 1989).
Under these circumstances, we agree that petitioner could not have maintained this cause of action and the judgment sustaining defendant's objection pleading the exception of prescription is amended to maintain the objection pleading the exception of peremption. For these reasons, the judgment of the trial court is hereby affirmed as amended, *515 with all costs of these proceedings to be borne by appellant herein.
AMENDED; AFFIRMED AS AMENDED.