I, SAUNDERS, Judge.
Appellants, Lonnie Joseph O’Conner and Kay Frances Hamilton O’Conner, appeal a judgment of the trial court granting the appellee’s exception of prescription to the O’Conners’ Petition to Nullify Act of Surrender and dismissing said petition. The O’Conners assert that the trial court erred in granting the State’s exception of prescription.
FACTS AND PROCEDURAL HISTORY
The minor child involved in these proceedings, J.O., was born on June 15, 1990. In December of 1997 J.O. was placed in the foster care of Lonnie Joseph O’Conner and Kay Francis Hamilton O’Conner. J.O. remained in the foster care of the O’Con-ners until they adopted him in October of 2000.
There is dispute between the parties as to what actually initiated the removal of J.O. from the O’Conner’s home. According to Department of Social Services, on January 31, 2001, the agency received a complaint from school personnel at Vincent Settlement Elementary School alleging physical abuse of J.O. by his adoptive parents, the O’Conners. The O’Conners’ claim they initiated this action due to medical expenses necessary for J.O.’s care.
The Department of Social Services investigated the abuse complaint, which they later validated on February 6, 2001. On February 9, 2001, the O’Conners signed a Voluntary Placement Agreement, placing J.O. in temporary foster care for seven days while the parents considered permanent surrender of the minor. According to the agency, the O’Conners were unable to decide whether to sign a permanent surrender and they executed two additional Voluntary Placement Agreements, extending J.O.’s stay in foster care while they continued to consider their options. On March 2, 2001, both parents executed a “Voluntary Act of Surrender for Adoption” Las to J.O.
On August 29, 2001, J.O. was placed in a new adoptive placement. On September 5, 2001, for reasons that remain unclear, the State filed a petition to have J.O. adjudicated a Neglected Child In Need of Care, even though he had already been removed from the O’Conners’ care and placed in a new adoptive placement in the state of South Carolina.
After receiving service on this petition, the O’Conners obtained an attorney and filed a petition to Nullify Act of Surrender on October 17, 2001. On January 24, 2001, the State filed an Exception of Prescription in response to the O’Conner’s petition. The trial court granted the State’s exception and dismissed the O’Conner’s petition with prejudice.
*618 DISCUSSION
The O’Conners assert that the trial court erred in granting the State’s exception of prescription. To determine whether the trial court erred in this matter it is necessary to determine if Louisiana Children’s Code article 1148 is per-emptive or prescriptive in nature. If the time limitation established in article 1148 is peremptive in nature, it is not subject to suspension for any reason.
Louisiana Civil Code article 3458 provides that: “Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period.” “Liberative prescription merely prevents the enforcement of a right by action; in contrast, peremption destroys the right itself.” Comment (b) article 3458. Unlike liberative prescription, peremption may not be renounced, interrupted, or suspended.
La.Ch.Code art. 1148 provides a ninety day time frame within which to bring |3an action to annul surrender:
No action to annul a surrender shall be brought for any reason after ninety days from its execution or after a decree of adoption has been entered, whichever is earlier.
The First Circuit had previously defined the phrase “for any reason” in In the Interest of Voyles, 417 So.2d 497, 499 (La.App. 1 Cir.1982), writ denied, 420 So.2d 981 (La.1982). “We hold that ‘for any reason’ means what it says, and that it is now too late for plaintiffs to seek the nullity of the adoption, assuming, arguendo, that the proceedings were, in fact, absolutely null for the reasons stated.” Id. As a result, article 1148, containing the language “for any reason” is peremptive in nature.
The First Circuit later reinforced this decision in State of Louisiana in Interest of Taylor, 637 So.2d 512 (La.App. 1 Cir. 1993). The court explicitly held that article 1148 is peremptive in nature. “[W]e conclude that the time limitation established by article 1148 is peremptive in nature, and therefore not subject to suspension.” Taylor, 637 So.2d at 514. We find no fault with the First Circuit’s analysis and their ultimate determination that article 1148’s time limitation is preemptive.
As a result of our determination that article 1148 is peremptive in nature, the O’Conner’s arguments that the adoption procedure is invalid because they executed the surrender under duress and without the assistance of independent legal counsel are irrelevant to the Exception of Prescription. The O’Conners filed their Petition to Nullify Act of Surrender on October 17, 2001. This is more than seven months after the March 2, 2001 execution of the Voluntary Act of Surrender for Adoption. This clearly exceeds the ninety day time limitation provided for the annulment of surrenders in article 1148. Despite that fact, we will briefly address these arguments here for the sake of completeness.
| ¿Louisiana Children’s Code article 1147 provides that, “No act of surrender shall be subject to annulment except upon proof of duress or fraud, notwithstanding any provision of law to the contrary.” The O’Conners argue that their surrender was executed under duress. Specifically, they allege that J.O. began to manifest many medical and psychological problems shortly after the adoption. They claim that in December of 2000 a psychologist recommended that J.O. be placed in a psychological care facility at a cost of $20,000.00 per month. The record reflects no corroboration of this alleged recommendation.
The Department of Social Services’ records and the affidavit included in the rec *619 ord indicate that, in all placements of J.O. since the minor’s removal from the O’Con-ners’ household, no such medical or psychological problems manifested. Therefore, the appellants’ claim that financial duress was the cause for their executing the voluntary surrender of J.O. are, at this point, completely unsubstantiated in the record available to us.
Next, the appellants argue that under article 1121 of the Louisiana Children’s Code they were entitled to advice of independent legal counsel prior to their execution of the surrender. Article 1121 provides in pertinent part:
A. In all private surrenders, the surrendering parent and his representative, if applicable, or the child’s tutor, as provided in article 1108, shall be represented at the execution of the act by an attorney at law licensed to practice law in Louisiana!.]
Since the O’Conners did not have independent representation, and the only legal counsel available to them at the execution of the Surrender was from an attorney employed by the Department, the O’Con-ners contend that the Surrender is invalid.
Prior case law establishes that adoptions executed through the Department are agency adoptions. Therefore, article 1121 is not applicable in this instance and there | ¿was no attorney requirement. “The law is clear that no attorney was required to be present at the execution of the act of surrender in favor of the Department.” State in Interest of T.C., 552 So.2d 1369, 1371 (La.App. 5 Cir.1989).
The O’Conners also allege that the counseling requirements of Louisiana Children’s Code article 1120 were not complied with. The record does not support this contention. Article 1120 provides in pertinent part: “Prior to the execution of any surrender, a surrendering parent shall submit to a minimum of two counseling sessions relative to the surrender with a licensed social worker, licensed psychologist, licensed psychiatrist, or licensed counselor or a counselor employed by a hospital, accredited mental health center, or licensed child placing agency.” In a supplemental affidavit provided by Ms. Wende Stutes, an employee of the State of Louisiana Department of Social Services, the O’Conners were counseled at the very least on three separate occasions about execution of a Voluntary Act of Surrender. These three sessions occurred on each of the three occasions when the appellants signed voluntary placement agreements placing J.O. in temporary foster care while they considered their options.
For the reasons stated above we find no merit to the O’Conners’ arguments that the surrender executed by them on March 6, 2001 is invalid. In addition to the reasons stated above, the appellants had previously adopted two children and, by their own statements to the Department of Social Services, were familiar with adoption and surrender proceedings. There is no support in the record for their assertions to the contrary.

DECREE

For the above reasons we affirm the holding of the trial court granting the | fiState’s exception of prescription and dismissing the case with prejudice. All costs of this appeal are assessed to Lonnie Joseph O’Conner and Kay Frances Hamilton O’Conner.
AFFIRMED.
AMY, J., concurs and assigns reasons.